**UNITED STATES of America,
Plaintiff(s),**

v.

**Manuel VILLANUEVA–RODRIGUEZ,
Defendant(s).**

**Criminal No. 01–724 (JAG).**

United States District Court,
D. Puerto Rico.

Feb. 14, 2002.

Luis R. Rivera–Rodriguez, Hato Rey, PR, for plaintiff.

Jared M. Lopez, U.S. Attorney's Office, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA GREGORY, District Judge.

Defendant Manuel Villanueva–Rodriguez has filed a motion (Docket No. 29) asking the Court to revisit the determination made by Magistrate–Judge J. Antonio Castellanos ordering him detained without bail (Docket No. 14).

The Magistrate–Judge determined that there was probable cause to believe that defendant had committed an offense for which a maximum term of imprisonment of ten or more years is prescribed. *See* 21 U.S.C. §§ 841(a)(1), 952(a). The Magis-

trate–Judge further concluded that defendant had not rebutted the presumption set forth under the law, 18 U.S.C. § 3142(e), that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community.

■ The Court is required to make a *de novo* review of the contested Detention Order. *United States v. Tortora,* 922 F.2d 880, 883 n. 4 (1st Cir.1990). The Court commences the required analysis with the indictment, in which the defendant is one of four individuals charged with a conspiracy to possess with intent to distribute and import into the United States approximately 3,772 grams of heroin, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(i), 846, 952(a), 960(a)(1), and 960(b)(1)(A). If convicted, defendant faces a statutory minimum penalty of ten years of prison. *See* 21 U.S.C. § 841(b)(1)(A)(i).

■ The Bail Reform Act of 1984, 18 U.S.C. § 3142(f)(1)(C), sets forth the presumption that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of the community if there is probable cause to believe that the person committed an offense for which the term of imprisonment of ten or more years is prescribed under the Controlled Substance Act. In this case, the presumption has been triggered because the quantities of drugs alleged in the indictment mandate a ten-year minimum sentence.

■ The presumption has a "significant practical effect." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985). The presumption does not shift the burden of persuasion to the defendant, because the government retains the burden throughout. Once the presumption is triggered, however, the defendant is required to carry the burden of production. *Id.* at 380–84. The

presumption is that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten or more years is prescribed in the Controlled Substance Act. The presumption created is of "flight" and "danger." *Id.* at 381.

Once the presumption is triggered, the defendant is required to produce "conflicting evidence" to undercut the legislative purpose of the presumption. *Id.* at 383. The "intermediate position" adopted in *Jessup* requires defendant to produce "conflicting evidence" as to "danger" and "flight." Then the Court "determine[s] on which side the evidence preponderates." *Id.* Even after a defendant has produced evidence to rebut the presumption, "the presumption does not disappear, but rather retains evidentiary weight—the amount depending on how closely defendant's case resembles the Congressional paradigm, *Jessup,* 757 F.2d at 387—to be considered with other relevant factors." *United States v. Palmer-Contreras,* 835 F.2d 15, 17 (1st Cir.1987).

Finally, in making its final determination after receiving the rebuttal evidence pursuant to § 3142(g), the judicial officers must consider, among other factors, the nature and circumstance of the offense, the weight of the evidence, the history and characteristics of the person, including, character, physical and mental condition, family history, and past conduct. *Id.*

In *Jessup,* the First Circuit noted that Congress, in establishing the presumption, found that "flight to avoid prosecution is particularly high among persons charged with major drug offenses," and, further, that "drug traffickers often have established ties outside the United States ...

**260**

[and] have both the resources and foreign contacts to escape to other countries. *Id.*

■ The evidence proffered by the defendant concerns only the risk of flight. The possibility that his mother could post her residence as bail cannot serve to rebut the presumption of dangerousness established by the statute. Specifically, defendant has a 1993 felony conviction for violation of the Puerto Rico Narcotics Laws, both for possession and trafficking. Moreover, the defendant's passport shows numerous travels to Aruba (the country from which the defendant tried to import the drugs) this past year.

Considering the criteria set forth in 18 U.S.C. § 3142(g), the Court finds that the evidence preponderates in favor of detention. Since the term of imprisonment is of long duration and the government's case seems to be very strong, risk of flight increases; the danger of "flight to avoid prosecution ... in major drug offenses" is present. *United States v. Palmer–Contreras,* 835 F.2d 15, 17 (1st Cir.1987). Moreover, the defendant did not produce "conflicting" evidence to rebut the presumption of "danger" to the community also present in this case. *Jessup,* 757 F.2d at 381.

The Court must therefore sustain the Detention Order of Magistrate–Judge Castellanos. The defendant has failed to rebut the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

Defendant Manuel Villanueva–Rodriguez is ordered detained without bail.

IT IS SO ORDERED.